

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. 1437-98

### GREGORY CHARLES WICKWARE, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

PER CURIAM.

### OPINION

On appeal from his conviction for possession with intent to deliver more than 400 grams of cocaine, the appellant presented a point of error that the police officers' entry into his residence violated the Fourth Amendment because they did not knock and announce their entry. *See generally Wilson v. Arkansas*, 514 U.S. 927 (1995).

The Court of Appeals placed the burden on the appellant to show that the police conduct in knocking down his door as they shouted, "Police," was unreasonable. *Wickware v. State*, No. 05-95-01767-CR, slip op. at 7 (Tex. App. — Dallas June 17, 1998) (not designated for publication). The court held that the appellant had not satisfied his burden since an officer gave two reasons for this method of entry: to protect the officers and to prevent the drugs from being hidden or flushed down the toilet. *Id.* at 8.

In making these holdings, the court did not take account of the more recent decision of the Supreme Court in *Richards v. Wisconsin*, 520 U.S. 385 (1997). The *Richards* Court disapproved a *per se* exception to the "knock and announce" factor of the Fourth Amendment for all drug searches. The Court said:

> [I]n each case, it is the duty of a court confronted with the question to determine whether the facts and circumstances of the particular entry justified dispensing with the knock-and-announce requirement.
>
> In order to justify a "no-knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, *under the particular circumstances*, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence. This standard — as opposed to a probable cause requirement — strikes the appropriate balance between the legitimate law enforcement concerns at issue in the execution of search warrants and the individual privacy interests affected by no-knock entries. *Cf. Maryland v. Buie*, 494 U.S. 325, 337 (1990) (allowing a protective sweep of a house during an arrest where the officers have "a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene"); *Terry v. Ohio*, 392 U.S. 1, 30 (1968) (requiring a reasonable and articulable suspicion of danger to justify a pat-down search). This showing is not high, but *the police should be required to make it* whenever the reasonableness of a no-knock entry is challenged.

*Id.,* at 394-95 (emphases added).

The appellant's petition for discretionary review is granted, the judgment of the Court of Appeals is vacated, and the case is remanded to the Court of Appeals for further consideration of this point of error.

En banc.

Delivered January 13, 1999.

Do not publish.